IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHIEF GARY SIPPLE BEY and
CHIEFTAINESS ANNETTE SIPPLE,

           Plaintiffs,

v.                                                                    Case No. 24-4015-JWB

WILLIAM MEYER, BRIAN HILL, G. JEFFREY RECORDS, JR.,
KEN CLARK, SOUTHLAW P.C. LLC,
GREG SCHAEFER, AND TERESA WATSON,

           Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants William Meyer, Greg Schaefer, G. Jeffery Records, Jr., Southlaw P.C. LLC, and Ken Clark's (collectively "Bank Defendants") motion to dismiss Plaintiffs' complaint, (Doc. 16); Defendant Brian Hill's motion to join the Bank Defendant's motion to dismiss, (Doc. 17); and Defendant Teresa L. Watson's motion to dismiss Plaintiffs' complaint.[1] (Doc. 19.) Plaintiffs failed to respond to Defendants' aforementioned motions, and the time to respond has now passed. The motions are GRANTED for the reasons stated herein.

The court acknowledges that Plaintiffs are proceeding pro se. The general rule is that pro se litigants' pleadings are to be "construed liberally" and held to a "less stringent standard" than

---

[1] Defendants William Meyer and Southlaw P.C. LLC filed a motion to dismiss Plaintiffs' original complaint at Docket Entry 8. They, and Greg Schaefer, G. Jeffery Records, Jr., and Ken Clark, then filed a new motion to dismiss Plaintiffs' amended complaint. (Doc. 16.) Collectively, these Defendants are named the Bank Defendants, and they incorporated the arguments from the memorandum supporting William Meyer and Southlaw P.C. LLC's motion to dismiss Plaintiffs' original complaint, (Doc. 9), in their motion to dismiss Plaintiffs' amended complaint. (Doc. 16 at 2.) Because the court grants the Bank Defendants' motion to dismiss Plaintiffs' amended complaint, the motion to dismiss Plaintiffs' original complaint, (Doc. 8), is dismissed as moot and the subsequent motions to join it are also dismissed as moot. (Docs. 10, 11.)

1

pleadings drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a court must not become an advocate for pro se litigants. *See id.* Additionally, a court cannot discover new facts for the plaintiff nor "construct a legal theory . . . that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989). Put differently, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall*, 935 F.2d at 1110.

Moreover, a court cannot grant a dispositive motion solely because a party failed to respond. *See Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003). Instead, a court "must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Id.* at 1178.

To defeat a motion to dismiss, a complaint must contain enough facts to state a claim of relief that is plausible on its face to withstand a Rule 12(b)(6) motion to dismiss. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). At the motion-to-dismiss stage, a reviewing judge accepts all well-pleaded allegations in the complaint as true. *Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 700 (10th Cir. 2014). The reviewing judge also views all well-pleaded facts and the reasonable inferences derived therefrom in the light most favorable to Plaintiffs. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). Rule 12(b)(6) "does not require that Plaintiff establish a prima facie case in [its] complaint, but rather requires only that the Plaintiff allege enough factual allegations in the complaint to set forth a plausible claim." *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1171–72 (10th Cir. 2015) (internal citations omitted). In the end, the issue is not whether Plaintiffs will

ultimately prevail, but whether Plaintiffs are entitled to offer evidence to support its claims. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005).

Plaintiffs' case is their fourth sovereign citizen suit filed in federal court. (Doc. 16.) Frankly, the amended complaint (Doc. 15) is an unintelligible legal document. The only coherent portion is the case caption on the initial page, where Plaintiffs list the Defendants and title their complaint: "42 U.S.C. 1983 COMPLAINT." (Doc. 15 at 1.) The following 14 pages contain no real allegations that would amount to a § 1983 claim. Indeed, there is no attempt to state a constitutional violation.

In response, Defendants have filed multiple motions to dismiss Plaintiffs' complaint for failure to state a claim upon which relief can be granted. First, the court grants Defendant Hill's motion to join the Bank Defendant's motion to dismiss. The arguments and relief that is requested by the Bank Defendants is applicable to Defendant Hill, and he is similarly situated to the Bank Defendants. Additionally, the court grants the Bank Defendants and Defendant Watson's motions to dismiss Plaintiffs' complaint on the basis that it failed to state a claim upon which relief could be granted.[2] After reviewing the complaint, the court concludes that Plaintiffs fail to assert any relevant facts to support their alleged § 1983 claim.

**Conclusion**

THEREFORE, Defendant Brian Hill's motion to join, (Doc 17), the Bank Defendant's motion to dismiss is GRANTED. The Bank Defendants' motion to dismiss, (Doc. 16), is GRANTED WITH PREJUDICE. Defendant Watson's motion to dismiss, (Doc. 19), is

---

[2] The Bank Defendants and Defendant Watson raise alternative arguments for why Plaintiffs' complaint should be dismissed. Because the court dismisses the complaint under Federal Rule of Civil Procedure 12(b)(6), it does not consider their alternative theories of dismissal.

GRANTED WITH PREJUDICE. Plaintiffs' pending motion, (Doc. 25), is dismissed as moot. Defendants' pending motions, (Docs. 24, 27, 28), are also dismissed as moot.

IT IS SO ORDERED. Dated this 22nd day of August 2024.

                                               s/ John Broomes
                                               JOHN W. BROOMES
                                               UNITED STATES DISTRICT JUDGE